UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

BROOKLYN, NEW YORK

---------------------------------------------------------X

Chen, Feng Di,
A087-637-131

Plaintiffs,                                                  Civil No. 17-cv-598

 -v-                                                         **COMPLAINT**

John Kelly,
Secretary, Department of Homeland Security,

Dana Boente,
Acting Attorney General of the United States

Gregory Richardson,
Director of the USCIS
Texas Service Center,

Defendants.

---------------------------------------------------------X


Plaintiff, Chen, Feng Di, by and through counsel, alleges the following:


1. This is an action for declaratory and injunctive relief and in the nature of a

Mandamus to compel agency action that has been unlawfully withheld.


**JURISDICTION**


2. This action arises under the Immigration and Nationality Act of 1952, as amended

("INA"), 8 U.S.C. §§1101 et seq., the Administrative Procedure Act ("APA"), 5 U.S.C.

§§551 et seq., and the mandamus statute, 28 U.S.C. §1361. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1337 and 1361; the Court may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 et seq., the INA, the APA, and 28 U.S.C. § 1361.

**PARTIES**

3. Plaintiff, Chen, Feng Di (hereinafter, Mr. Chen), is a native and citizen of the People's Republic of China born on February 13, 1976.

4. Mr. Chen is currently residing at 85-01 60 Road, Middle Village, NY 11379, which is within the jurisdiction of this Court. Exhibit A.

5. Defendant United States Citizenship and Immigration Services ("USCIS") is an agency organized and existing under the laws of the United States of America. The USCIS has responsibility for adjudicating applications under the Act, and maintains offices within the Eastern District of New York. Defendant John Kelly, is the duly appointed, qualified, and confirmed Secretary of the Department of Homeland Security, and as such is the official charged with the supervision, oversight, and direction of the USCIS.

6. Defendant Dana Boente is the acting Attorney General of the United States, and as such is the official charged with the enforcement of the laws of the United States and the official charged with the enforcement of the laws of the nation.

7. Defendant Gregory Richardson is the Director of the Texas Service Center of the United States Citizenship and Immigration Services. As such, he is responsible for the adjudication of petitions and applications for immigrant benefits, including Refugee Asylee Relative Petitions ("I-730 petitions") submitted by aslyees and Applications to Register Permanent Residence or Adjust Status ("I-485 petitions") residing in Alabama, Arkansas, Connecticut, District of Columbia, Florida, Georgia, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Mississippi, New Hampshire, New Jersey, New Mexico, New York, North Carolina, South Carolina, Oklahoma, Pennsylvania, Puerto Rico, Rhode Island, Tennessee, Texas, Vermont, Virginia, U.S. Virgin Islands, or West Virginia. See Instructions for 1-730 Refugee Asylee Relative Petition, available at http://www.uscis.gov/fiIesiformli-730instr.pdf.

**VENUE**

9. Venue is proper in that Petitioner resides at 85-01 60 Road, Middle Village, NY 11379, which is within this District. Petitioner's petition of I-485 is pending before USCIS Texas Service Center.

**FACTS**

11. On October 18, 2012, Mr. Chen was granted asylum in the United States.

12. On December 16, 2013, Mr. Chen filed an I-485 application to adjust his status to that of a lawful permanent resident. Exhibit B.

13. On January 16, 2014, USCIS accepted the fingerprint fee for Mr. Chen's Form I-485, Application to Register Permanent Residence, Receipt Number is SRC1490089939. Exhibit C.

14. In 2014, 2015 and 2016 Mr. Chen inquired about why her I-485 petition was taking longer than the processing time. Exhibit D.

15. In order to qualify for adjustment of status to that of a lawful permanent resident, as a person having been previously granted refugee status, an alien must meet the following criteria:

(1) applies for such adjustment,
(2) has been physically present in the United States for at least one year after being granted asylum,
(3) continues to be a refugee within the meaning of section 1101 (a)(42)(A) of this title or a spouse or child of such a refugee,
(4) is not firmly resettled in any foreign country, and
(5) is admissible (except as otherwise provided under subsection (c) of this section) as an immigrant under this chapter at the time of examination for adjustment of such alien. 8 U.S.C. § 1159 (b).

16. Mr. Chen meets the criteria and she has submitted all the necessary documents and information along with her I-485 application. USCIS has not issued any notice requesting additional evidence.

17. As a matter of law, USCIS is in possession of all the information needed to adjudicate Mr. Chen's I-485 petition. As described in Paragraph 13 and above, USCIS received the Plaintiff's Form I-485 petition and supporting documents as indicated by the agency's issuance of a receipt notice dated November 10, 2011. USCIS has not issued any subsequent request for evidence since the I-485 was filed.

## EXHAUSTION OF REMEDIES

18. Mr. Chen, through her attorneys, has attempted to resolve this matter without the need for court involvement. Mr. Chen has made several service requests concerning the status of the applications to no avail. <u>Exhibit D.</u>

## CLAIMS FOR RELIEF

### COUNT ONE

19. The allegations set forth in paragraphs 1 through 18 above are repeated and re-alleged as though fully set forth herein.

20. Under the APA, 5 U.S.C. §555(a), agencies are required to proceed with reasonable dispatch to conclude matters presented to them. Under the APA, 5 U.S.C. §706(a), this Court has the power to compel agency action which has been unlawfully or unreasonably withheld or delayed.

21. The continuing failure of the USCIS to adjudicate Mr. Chen's application for Adjustment of Status (form I-485), filed over violates the APA requirement that agencies proceed with reasonable dispatch to adjudicate the matters presented to them.

## COUNT TWO

22.     The allegations set forth in paragraphs 1 through 21 above are repeated and re-alleged as though fully set forth herein.

23.     The actions of USCIS, in failing to adjudicate Mr. Chen's application for Adjustment of Status (form I-485) contrary to the Due Process clause of the Fifth Amendment of the U.S. Constitution. See INS v. Cardoza-Fonseca, 107 S. Ct. 1207, 1219 (1987) ("The distinction between the mandatory and discretionary parts of the statute has practical significance. What the Attorney General and his delegates must exercise is discretion.") (citations omitted); United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267 (1954).  ("failure to exercise discretion is a reversible error."); Asimakopoulos v. INS, 445 F.2d 1362, 1365 (9th Cir. 1992) ("The Board's failure to exercise discretion is reversible error."); Fesseha v. INS, 1999 U.S. App. LEXIS 20852, *4 (10th Cir. 1999) ("When the regulations grant the attorney general discretion, the attorney general must exercise its discretion."); Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir. 1995) ("If an applicant can show eligibility for asylum, then the INS must exercise its discretion to determine if the applicant is entitled to asylum."); Doe v. United States, 54 Fed. Cl. 404, 405 (2002) (when congress divest an agency discretion, the agency "must exercise its discretion" when deciding matters before it.).

## COUNT THREE

24.     The allegations set forth in paragraphs 1 through 23 above are repeated and re-alleged as though fully set forth herein.

25.     The failure of USCIS to adjudicate Mr. Chen's application to adjust her status constitutes irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Chen prays this Honorable Court and demands judgment against defendants as follows:

a.  Declare the failure of the United States of Citizenship and Immigration Services to adjudicate Mr. Chen's application to adjust her status unlawful;

b.  Order defendant to adjudicate the applications forthwith; and

c.  Grant any and all other relief this Court deems just and proper.

Dated: New York, New York
February 2, 2017

       Respectfully submitted,


____/s/David Chien_____

David Chien, Esq.
Counsel for Petitioners
7 Mott St., Suite 500
New York, New York 10013
Phone: (646) 234-6961

## ATTORNEY VERIFICATION

I, David Chien, authorized representative of Plaintiffs, affirm under penalty of perjury that:

The statements and facts contained in the Complaint are true to my knowledge, except as to those matters that are stated in it on my information and belief, and as to those matters, I believe them to be true.

Dated: New York, New York
February 2, 2017

       Respectfully submitted,


\_\_\_\_/s/David Chien_____

David Chien, Esq.
Counsel for Petitioners
7 Mott St., Suite 500
New York, New York 10013
Phone: (212) 226-6359